IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO. _____

IMPLANT SEMINARS, INC.,               )
a Florida corporation,                )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )
                                      )
SAMUEL SOON HO LEE, an individual;    )
INTERNATIONAL ACADEMY OF              )
DENTAL IMPLANTOLOGY, LLC,             )
a dissolved California Limited Liability )
company; JOHN DOE CORPORATION         )
NO. 1; and JOHN DOES 1 through 3,     )
                                      )
    Defendants.                       )
                                      )
                                      )

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Implant Seminars, Inc. ("Plaintiff"), a Florida corporation, doing business in Miami-Dade County, Florida, through their undersigned attorneys, files this Verified Complaint and Demand for Jury Trial, and alleges as follows:

NATURE OF THE ACTION

1.    By this action, Plaintiff seeks to enforce a range of rights including statutory and common law trademark rights relating to the IDIA Family of Marks (as defined herein) as they have been used by Plaintiff for approximately ten years in connection with dental implant services, and education in the nature of live classes and seminars where medical professionals can learn how to perform dental implants. In addition, Plaintiff seeks damages against

1

Defendants for unfair competition, fraud committed against the general public, dilution of Plaintiff's famous marks and logo, and injunctive relief.  In regard to its trademarks, Plaintiff has established extensive use of and fame in the marks within the state of Florida, across the United States, and on an international scale.  Since first commencing use of marks included in the IDIA Family of Marks, the marks have never fallen abandoned.

2.      Plaintiff seeks relief arising from infringing uses by Dr. Samuel Soon Ho Lee, the International Academy of Dental Implantology LLC, and one or more as yet undetermined entities which may include the San Diego University Of Dental Medicine, Inc., of marks that are confusingly similar to, and which infringe on, Plaintiff's IDIA Family of Marks. Defendants' infringement spans across various contexts in connection with dental implant and education services which are identical in concept, purpose and audience/customers, if not in quality to certain of Plaintiff's dental implant and educational services.

3.      More particularly, Plaintiff seeks to obtain permanent injunctive relief against Defendants, and damages for trademark infringement in violation of Section 1114 of the Trademark Act of the United States, 15 U.S.C. § 1114; for unfair competition and false designations of origin in violation of Section 1125(a) of the Trademark Act of the United States, 15 U.S.C. § 1125(a); for violations of the Florida Anti-Dilution Statute; and for related acts of unfair competition and trademark infringement actionable under the common law of the United States and the State of Florida.

4.      Granting the permanent injunctive relief requested herein will serve the public interest because it is the only way to bar Defendants use of Plaintiff's intellectual property and infringement on Plaintiff's rights, as well as Defendants causing actual confusion in the

2

medical/dental services and education industries. Dentists and related businesses who recognize and know Plaintiff's IDIA Family of Marks and who rely on their recognition and knowledge of same marks to make decisions about their dental services and education, together with those they refer, are at risk of being deceived into purchasing and/or obtaining services provided by Defendants under the mistaken belief that Defendants are operating or about to operate a genuine IMPLANT SEMINARS educational program, by mistakenly believing that the Defendants' imitations are performed by, authorized by, licensed by and/or operated by or pursuant to a license from Plaintiff.

5. Granting the injunctive relief requested will serve the public interest by preventing consumer confusion and risking serious damage to Plaintiff's reputation, brands and rights.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b) and (c).

8. Jurisdiction is proper in this Court by Florida Statute § 86.011.

9. Venue is appropriate in this Court because the Plaintiff involved in the controversy is a resident of Miami-Dade County, Florida, and Defendants Lee and JOHN DOE CORPORATION NO. 1 have marketed infringing educational services to dentists and

periodontists who reside in and/or practice in Florida ("**Exhibit A"**) including in Miami-Dade County, Florida.

THE PARTIES

10. Plaintiff, Implant Seminars, Inc., is a Florida corporation organized and existing under the laws of the State of Florida, having its principal place of business at 1840 NE 153rd Street, North Miami Beach, FL, 33162.

11. Upon information and belief, Defendant Dr. Samuel Soon Ho Lee ("Lee") is a resident of the State of California. Upon information and belief, Defendant Lee is promoting dental implant educational seminars in the State of Florida and elsewhere using internet marketing and branding in conjunction with an entity identified as the International Academy of Dental Implantology.

12. Upon information and belief, Defendant International Academy of Dental Implantology, LLC ("International Academy") was a California limited liability company organized under the laws of the State of California, which dissolved in 2016. Defendant Lee was the managing member of Defendant International Academy. (A copy of the Certificate of Cancelation for Defendant International Academy is attached as **"Exhibit B".**) Despite its cancelation, upon information and belief, Defendant International Academy continues to operate a website in conjunction with JOHN DOE CORPORATION NO. 1.

13. Upon information and belief JOHN DOE CORPORATION NO. 1 is an entity using the name International Academy of Dental Implantology to advertise, promote and perform educational services in the State of Florida and elsewhere in the United States. Upon information and belief, Defendant Lee is connected to JOHN DOE CORPORATION NO. 1's

4

activities and has taken no effort to disassociate himself from this entity's promotional activities.

14.     Plaintiff is ignorant of the true names of certain other potential defendants sued here, including but not limited to the name of the individuals that create, manage and perform at seminars branded with the various "International Academy of Dental Implantology" marks by Lee, and therefore sues these defendants as "John Doe". Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants.

<u>IMPLANT SEMINARS - BACKGROUND</u>

15.     Implant Seminars was founded by Dr. Arun K. Garg in 1995 to educate and inform dentists and periodontists, and their staffs. Since 1989, Dr. Garg has been teaching extensive hands-on surgical training workshops to dentists and periodontists. One of Plaintiff's courses is an 88-hour continuing education AGD-accredited program that gives dentist the tools they need and the confidence they require to begin placing dental implants and radically improving their practice, from the biology of osseointegration and a review of graft materials, to suturing and soft tissue management. Another features comprehensive lectures on bone grafting, ridge spreading and splitting, PRP, lateral and crestal sinus lifts, bone blocks, soft tissue procedures, guided surgery, immediate extraction, and more. Other sessions focus on digital education, dental hygiene department education, digital smile design, guided surgery and dental ceramics.

16.     Dr. Garg has personally trained over 12,000 dentists in various procedures; six of

the world's leading implant trainers have been taught by him. He is the author of over 150 peer-reviewed articles, 37 of which were the most discussed papers during their publishing, and his Bone Biology textbook sold out three times and now sells as a "collector item" at five times the original list price.

17. On information and belief, Defendant Lee is a dentist and periodontist who created the International Academy of Dental Implantology ("IADI") and was the sole owner of that entity during its operation.

THE MARKS

18.    Plaintiff is the owner of all rights and interests in the service marks INTERNATIONAL DENTAL IMPLANT ASSOCIATION (the "IDIA Mark"), INTERNATIONAL DENTAL IMPLANT ASSOCIATION PURSUIT OF EXCELLENCE (the "IDIA POE Mark"), and two versions of the INTERNATIONAL DENTAL IMPLANT ASSOCIATION PURSUIT OF EXCELLENCE & Design mark (the "Red Shield Logo Mark" and the "Blue Shield Logo Mark"), as well as the mark AMERICAN DENTAL IMPLANT ASSOCIATION ("ADIA Mark") and the AMERICAN DENTAL IMPLANT ASSOCIATION logo mark ("ADIA Logo), and the acronym marks IDIA and ADIA (collectively, the "IDIA Family of Marks") which are each used for and in connection with dental implant services, dental and periodontal educational services, and related services and goods (the "IDIA Services").   Plaintiff's Blue Shield Logo Mark, Red Shield Logo Mark and Original Logo Components (as defined herein) are inherently distinctive; Plaintiff's word marks are either inherently distinctive or have established secondary meaning by dint of use of each mark in interstate commerce for well over five years, and extensive advertising and promotion thereof.

6

19.    The salient components of both the Red Shield Logo Mark and the Blue Shield Logo Mark, as well as the ADIA Logo Mark, have consistently been the blue border-ring with the phrases "PURSUIT OF EXCELLENCE" and "DENTAL IMPLANT ASSOCIATION" visible on said ring, a red rim around the ring, a background shield and a gold-colored implant screw.

20.    Even before the "PURSUIT OF EXCELLENCE" component was added, Plaintiff was using the "DENTAL IMPLANT ASSOCIATION" component, as well as the blue border-ring, red rim around the ring, background shield and gold-colored implant screw since at least September of 2008.  These elements comprise the "Original Logo Components". A sample of representative certificates presented to practitioners who attended Plaintiff's courses in 2010 and thereafter are attached hereto as composite **Exhibit C**. Brochures and promotional material promoting Plaintiff's services in 2011 are attached hereto as composite **Exhibit D**.

21.    In May of 2013, as Plaintiff's services expanded to educate dentists from around the world, Plaintiff updated its mark from "American" to "International"; the latter mark has been in use constantly since then in connection with the IDIA Services, and Plaintiff has established common law rights therein.  (A copy of the updated mark is attached hereto as "**Exhibit E**".)

22.    Plaintiff has consistently used the mark INTERNATIONAL DENTAL IMPLANT ASSOCIATION PURSUIT OF EXCELLENCE in word and logo form since Spring of 2013 in connection with its services, and the mark has been in constant use since then in connection with the IDIA Services; Plaintiff has established common law rights therein.

23.    AMERICAN DENTAL IMPLANT ASSOCIATION and INTERNATIONAL

7

DENTAL IMPLANT ASSOCIATION manifest a consistent commercial impression, including where used with the Original Logo Components.

24.     The Original Logo Components, including blue-ring-rimmed-with-red element and the golden screw element, in Plaintiff's logo marks have been unchanged in Plaintiff's mark since Plaintiff's adoption of the mark AMERICAN DENTAL IMPLANT ASSOCIATION.

25.     Plaintiff used the acronym ADIA as a mark in connection with its services since at least 2008 through 2013; Plaintiff has thus established common law rights in connection with that mark.

26.     Plaintiff used the acronym IDIA as a mark in connection with the IDIA Services from at least the summer of 2013 through the present, and has established common law rights therein.

27.     Plaintiff has also used a black and white variation of the mark's Original Logo Components, as shown in **Exhibit F**, over the past few years through the present day, where color versions of Plaintiff's mark cannot be used, and has established common law rights therein

28.     Examples of use of several of the IDIA Family of Marks in connection with the IDIA Services are attached hereto as composite **Exhibit G**.

29.     Plaintiff holds a registration for the mark INTERNATIONAL DENTAL IMPLANT ASSOCIATION PURSUIT OF EXCELLENCE & Design at Registration No. 5,043,762 (the "'762 Registration"); such registration is a collective membership mark, indicating membership in an association of dentists and other medical personnel who have an interest in and/or a specialty in implant procedures and practices.  (A copy of this registration is attached as **"Exhibit H"***)*. A collective membership mark is exclusively used to indicate that the

user of the mark is a member of a particular organization, and nothing in the Trademark Act prohibits the use of the same mark as a membership mark by members and, also, as a trademark or a service mark by the parent organization. Trademark Manual of Examining Procedure at Sec. 1304.01. The application that vested into the '762 Registration was filed on July 1, 2015 and accordingly, Plaintiff's priority date for the mark shown in the '762 Registration is July 1, 2015.

30.     The '762 Registration includes the Original Logo Components as prominent and dominant elements.

31.     Plaintiff has advertised its dental implant and educational services in the state of Florida and to residents of the state of Florida, as well as around the United States and around the world. An example of Plaintiff's use of its logo to promote Plaintiff's services in early 2011:

http://www.internationaldentalimplantassociation.com/documents/MagazineAdMiamiSymp.pdf. (A copy is attached hereto at "**Exhibit I**".) The logo mark shown therein includes the AMERICAN DENTAL IMPLANT ASSOCIATION word mark and the Original Logo Components.

32.     As a result of the fame afforded to Plaintiff's Services performed under and pursuant to its IDIA Family of Marks, certain of the marks have achieved fame in the minds of the relevant public, namely providers of dental and periodontal services, and those who market and provide goods and services to those individuals and entities. The IDIA Family of Marks, particularly the IMPLANT SEMINARS, IMPLANT SEMINARS & Design and IDIA Family of Marks, as well as the Original Logo Components, are immediately identified with Plaintiff and Plaintiff's services, and are famous.

### Defendants' Infringing Conduct

33.    Defendants, as individuals or entities or via an as-yet-unknown corporate entity individually and collectively, are infringing on various marks including but not limited to Plaintiff's Family of Marks by advertising and promoting dental education events and dental/periodontal services (the "Infringing Services") by using, without authorization, the Plaintiff IP Rights without the consent, assent or permission of Plaintiff. In particular, Defendants' use of the mark in the background of certain marketing and promotional materials even more closely resembles Plaintiff's IDIA Family of Marks because it is impossible to read the words and acronym in said usages. *See, e.g.* **Exhibit J** *hereto.*

34.    On or about October of 2011, Defendants Lee and International Academy appear to have created the infringing International Academy of Dental Implantology Logo mark seen at Exhibit J and on this page (the "Infringing Logo").   On information and belief, Defendants Lee and International Academy uploaded the Infringing Logo to Facebook at that time, but made no other use of the mark in connection with advertising, promoting or performing its periodontal education services or dental education services, or either periodontal or dental services ("Defendants' Services").

35.    On information and belief, Defendants made no use of the Infringing Logo in connection with the performance of services, or on advertising or promotional materials before October 24, 2011.

36.    On information and belief, Defendant Lee attended the American Academy of Implant Dentistry annual meeting in 2009.

10

37.     On information and belief, Defendants Lee and International Academy did not make any use of the Infringing Logo in advertising or promotional materials in 2012, except as a "profile pic" on Facebook.

38.     On information and belief, Defendants Lee and International Academy did not make any use of the Infringing Logo in advertising or promotional materials in 2013, except as a "profile pic" on Facebook.

39.     On information and belief, Defendants Lee and International Academy did not make any use of the Infringing Logo in advertising or promotional materials in 2014, except as a "profile pic" on Facebook.

40.     On information and belief, in early 2015, Defendants Lee and International Academy, along with John Doe defendants, commenced use of the Infringing Logo on marketing materials that they distributed and/or caused to be distributed in connection with Defendants' Services.

41.     On information and belief, even after the dissolution of Defendant International Academy, Defendants Lee, International Academy, John Doe defendants, joined by JOHN DOE CORPORATION NO. 1 continued to use the Infringing Logo in 2016, 2017 and 2018, and in that time, expanded from usage in connection with services performed outside the United States and in California to services marketed and performed in other parts of the United States, including South Florida.

42.     Upon information and belief, Defendant Lee made the decision to continue the use of the Infringing Logo through or in conjunction with JOHN DOE CORPORATION NO. 1, using assets of Defendant International Academy, in 2016, 2017 and 2018 after dissolving

11

Defendant International Academy.

43.     Defendants' use and marketing of the Infringing Logo in marketing and promotional materials including on Facebook, YouTube and on Defendants' website have made a deliberate, specific effort to trade on Plaintiff's IDIA Family of Marks' brands, fame and history in a manner that is likely to cause confusion.

44.     The Infringing Marks used by Defendants are confusingly similar to Plaintiff's IDIA Family of Marks, and include and incorporate Plaintiff's famous Original Logo Components.

45.     Defendants' advertised services so closely resemble the services provided by Plaintiff  under Plaintiff's IDIA Family of Marks - though they are expected to be of lesser quality - that they create a commercial impression that Plaintiff has authorized, licensed, sponsored, or approved of Defendants' marketing, advertising, offering for sale, selling and performance of the Infringing Services in connection with the Infringing Marks.

46.     The Infringing Services are identical in concept, purpose and theme to Plaintiff's dental implant and educational services offered under the IDIA Family of Marks including its famous IDIA and IDIA & Design marks as used by Plaintiff, which the public exclusively associates with Plaintiff, such as to cause confusion or cause consumers to believe that Plaintiff has authorized or endorsed the quality of the Infringing Services.

47.     Upon information and belief, the Infringing Services are advertised and marketed online via Defendants' own websites and pages, printed materials, event sponsorships and on YouTube, Facebook and other sites.

48.     Defendants offered, and continued, to promote the Infringing Services with the

specific intent to trade on Plaintiff's good name as well as the reputation and goodwill of the marks included in Plaintiff's IDIA Family of Marks, and the fame of Plaintiff's IDIA Family of Marks.

49.    Defendants have placed its Infringing Mark on items that are provided to attendees of Defendants' courses (Exhibit J) in a manner that will lead any dental practitioner, dental staffer or member of the general public who sees such items to believe that said item is created, licensed, distributed or authorized by, or in any way, associated with Plaintiff.

50.    On information and belief, Defendants have not corrected members of the general public or the dental or healthcare industries when they have expressed confusion between services performed under the IDIA Family of Marks, and in connection with the marks included in the Plaintiff's IDIA Family of Marks, by Plaintiff, and Defendants' proposed and promoted services performed under the IDIA Family of Marks, on the other hand.

51.    Because Defendants are promoting and providing health care-related services and continuing education services to healthcare practitioners, the impact of likelihood of confusion is significant, as  members of the dental profession will look to Plaintiff to educate and certify practitioners and staff, and members of the public who use these specialized services will rely upon Plaintiff's certification as evidence of a particular practitioner's expertise. Thus, the relevant members of the purchasing public look to Plaintiff to provide these services and stand behind the quality of its education and certification services.

52.    Defendants have taken purposeful steps to mislead practitioners, as well as the general public and those who provide services within the dental and healthcare industries, as well as continuing education-adjacent service providers and students, with regard to the nature of

Defendants' services and the source of origin of said services, as well as goods distributed by Defendants that bear Defendants' infringing IADI logo.

53.     Defendants' infringing conduct is likely to create confusion and deceive consumers into believing that Defendants' Infringing Services and Infringing Services originate with or are in some way sponsored, endorsed, licensed, associated or otherwise authorized or connected with Plaintiff.

54.     Such confusion would irreparably harm and damage Plaintiff because it has no control over the nature or quality of the services provided or produced by Defendants, and because individuals and those in the trade will believe that Defendants' services are connected with, licensed by or otherwise authorized by Plaintiff.

55.     Defendants' infringing conduct is likely to lead to dilution of the distinctive and famous IDIA Family of Marks.

56.     Defendants' dental implant and educational services are marketed to customers located in the County of Miami-Dade, the state of Florida, the United States as well as to residents of other geographic locations.

57.     Therefore Defendants and Plaintiff are operating in and competing for customers in the same market and market area.

58.     Defendants' infringing conduct is knowing, willful, and intentional and was undertaken in bad faith with the intention to unfairly trade on the goodwill and fame of Plaintiff's IDIA Family of Marks.

59.     Defendants have undertaken their actions although their infringing uses of the marks that comprise the IDIA Family of Marks infringe on Plaintiff's rights in and to its famous

logo mark. Unless Defendants are restrained and enjoined from engaging in the infringing actions described herein, Plaintiff will suffer irreparable injury.

60.     Plaintiff is likely to prevail in this matter by virtue of longstanding senior ownership of and rights to the IDIA Family of Marks, and as Plaintiff is suffering irreparable harm by Defendants' infringement of Plaintiff's trademark rights. Public policy favors entry of an injunction that will reduce the likelihood of confusion experienced by potential patrons as well as within the healthcare and dental industries.

61.     Unless Defendants are restrained and enjoined from engaging in the infringing actions described herein, Plaintiff will suffer irreparable injury. Defendants are not prejudiced by being barred from violating trademark laws and other federal and state unfair competition laws or engaging in misleading the public.

62.     As a consequence of advertising and promotion by Plaintiff on the Internet on web pages, social media networks and via newsletters, in newspapers and magazines, and in sponsorship of and participation al industry events, the unique and distinctive marks that comprise the IDIA Family of Marks have become famous and are publicly recognized as being associated with Plaintiff's services including dental implant and educational services.

63.     Plaintiff was the first to use the IDIA Family of Marks in South Florida, the State of Florida, and the United States, specifically, in the same market in which Defendant seeks to operate. The marks that comprise the IDIA Family of Marks have never fallen abandoned.

64.     Plaintiff's marks that comprise the IDIA Family of Marks are distinctive and valid and its ownership of said marks has been and is



15

valid.

65.    Defendant's "Infringing Marks" include but are not limited to the IADI Logo shown on this page, and each component therein including the screw (in gold-and-black or black-and-white), and the blue circle with the red rim with the mark placed in white serif font therein.

66.    Defendants' use of any of the Infringing Marks that are likely to be confused with any marks included in the IDIA Family of Marks is likely to confuse consumers.

**COUNT I**
**Trademark Infringement (15 U.S.C. § 1125(a))**

67.    Plaintiff hereby incorporates by reference each and every allegation contained in each of the foregoing paragraphs 1-66 as if fully set forth fully herein.

68.    Both Defendant Lee and Defendant International Academy engaged in infringement of the IDIA Family of Marks individually and in collusion with each other in the period 2015 and 2016.

69.    Defendant Lee and Defendant International Academy, in conjunction with Defendants JOHN DOE CORPORATION NO. 1 and JOHN DOEs 1 through 3, engaged in infringement of the IDIA Family of Marks individually and in collusion with each other in the period 2016 through 2018.

70.    Each of the Defendants' use of the Infringing Marks has been without the permission, consent or authorization of Plaintiff.

71.    Plaintiff owns a valid trademark entitled to protection under the Lanham Act.

72.    Defendants have demonstrated a deliberate intent to trade off the goodwill of Plaintiff's '762 Registration as a means of increasing Defendants' own sales and prominence at

the expense of Plaintiff.

73.    The Defendants' deliberate conduct is likely to result in consumers obtaining the Defendants' services in mistaken belief that it originates from Plaintiff.

74.    Defendants' use of a mark which is confusingly similar to Plaintiff's '762 Registration in connection with services that are identical or highly similar in purpose, if not in quality, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

75.    Defendants' action, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

76.    Defendants' unauthorized use of marks which are likely to be confused with the marks that comprise the IDIA Family of Marks, particularly and specifically Plaintiff's logo, Original Logo Components, ADIA and IDIA acronyms, and AMERICAN DENTAL IMPLANT ASSOCIATION and INTERNATIONAL DENTAL IMPLANT ASSOCIATION marks, falsely designates the origin of Defendants' services, and falsely and misleadingly describes and represents facts with respect to Defendants and their services.

77.    Defendants' unauthorized use of the Plaintiff's IDIA Family of Marks removes from Plaintiff the ability to control the nature and quality of products and services provided under its IDIA Family of Marks, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control and who has already shown its willingness to continue to infringe on Plaintiff's mark and both mischaracterize and lie about Plaintiff to others in the healthcare and dental industry in a manner that damages the reputation

17

of Plaintiff.

78.     Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled.

79.     By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

80.     On information and belief, Defendants were aware of Plaintiff's ownership and rights regarding prior use of the IDIA Family of Marks in advance of Defendants' adoption of the Infringing Marks for use in connection with the Infringing Services. As such, Defendants' use of the Infringing Marks constitutes willful infringement.

81.     Plaintiff has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that may not be adequately calculated and compensated in monetary damages.

82.     Because Defendants' actions have been committed willfully, maliciously and intentionally, this is an exceptional case and Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, trebled, costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. Sec. 1117(a).

83.     Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from using marks, including any logo mark, which is likely to be confused with Plaintiff's mark, including any trade name, trademark, service mark, user name, corporate name, logo, artwork or domain name that is likely to be confused with Plaintiff's mark or otherwise

unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with its IDIA Family of Marks. Money damages may not adequately compensate Plaintiff from damage to its reputation and associated goodwill through the false and unauthorized use by Defendants of marks containing formatives found in Plaintiff's Family of Marks.

## COUNT II
### Trademark Dilution (15 U.S.C. § 1125(c))

84.     Plaintiff hereby incorporates by reference each and every allegation contained in each of the foregoing paragraphs 1-66 as if fully set forth fully herein.

85.     Based on Plaintiff's use, publishing, advertising, marketing and general popularity its IDIA Family of Marks, which have been advertised, promoted and presented internationally by Plaintiff (collectively, the "Famous IDIA Family of Marks") the Famous IDIA Family of Marks have acquired fame such that that the public associates the Famous IDIA Family of Marks with the dental implant and educational services of Plaintiff.

86.     Plaintiff's marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

87.     Plaintiff's Famous IDIA Family of Marks were famous well before Defendants misappropriated said IDIA Family of Marks for use in commerce in connection with its Infringing Services.

88.     On information and belief, Defendants adopted its logo mark and acronym because of the fame attendant with the Famous IDIA Family of Marks, specifically the recognition provided within and by the dental industry regarding Plaintiff's IDIA Family of Marks.

19

89.     Plaintiff has not authorized or licensed Defendants' use of the any mark similar to the Famous IDIA Family of Marks.

90.     Defendants' adoption and commercial use of its Infringing Marks was undertaken knowingly and willfully.

91.     By reason of the foregoing, Defendants have engaged in and are continuing to engage in acts damage Plaintiff by diluting the distinctive quality of Plaintiff's Famous IDIA Family of Marks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

92.     Plaintiff has been damaged by Defendants acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff's Famous IDIA Family of Marks, as well as its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

93.     Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using any Infringing Marks, any of the IDIA Family of Marks and Plaintiff's corporate name, and any other trade name, trademark, service mark, user name, logo, design mark, design or domain name that is likely to be confused with Plaintiff's mark or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with its Famous IDIA Family of Marks.  Money damages may not adequately compensate Plaintiff if it suffers damage to its reputation and associated goodwill through the false and unauthorized use by Defendants of its marks containing formatives found in Plaintiff's Family of Marks.

## COUNT III
## Dilution Under (Fla. Stat. §495.151)

94.　　Plaintiff hereby incorporates by reference each and every allegation contained in each of the foregoing paragraphs 1-66, as if fully set forth fully herein.

95.　　Plaintiff is the exclusive owner of the distinctive Famous IDIA Family of Marks, which are famous under the requirements of the statute in question .

96.　　The Famous IDIA Family of Marks are inherently distinctive and has been in use in commerce across many different types of media.

97.　　The Famous IDIA Family of Marks have garnered widespread publicity and public recognition in Florida and elsewhere worldwide.

98.　　Defendants' use of the Infringing Marks in the marketing, advertising, offering for sale and selling of its Infringing Services constitutes commercial use in commerce of the Famous IDIA Family of Marks.  Plaintiff has not authorized or licensed this use.

99.　　Defendants' use of the Famous IDIA Family of Marks in the marketing, advertising, offering for sale and selling of its Infringing Services actually dilutes, or is likely to dilute, the distinctive quality of the Famous IDIA Family of Marks, and to lessen the capacity of the Famous IDIA Family of Marks to identify and distinguish Plaintiff's goods and services.

100.　　Defendants' unlawful use of Famous IDIA Family of Marks caused and causes blurring and tarnishment in the minds of the consumers between Plaintiff and Defendant, thereby lessening the value of Famous IDIA Family of Marks as a unique identifier of Plaintiff's intellectual property.

101.　　Defendants willfully intended to trade on Plaintiff's reputation as developed, managed and produced by Plaintiff.

21

102.   Defendants willfully intended to cause dilution of the Famous IDIA Family of Marks in the State of Florida.

103.   By the acts described above, Defendants have intentionally and willfully diluted the distinctive quality of the Famous IDIA Family of Marks and thus the acts of Defendants complained of herein constitute dilution of Plaintiff's' Famous IDIA Family of Marks in violation of Florida Code §495.151.

104.   Plaintiff has been damaged by Defendants' willful acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that may not be adequately calculated and compensated in monetary damages.

105.   Defendants' actions are in violation of Florida Business and Commerce Code §495.151.

**COUNT IV**
**Trademark and Service Mark Infringement of Plaintiff's**
**Original Logo Components Under Florida Common Law**

106.   Plaintiff hereby incorporates by reference each and every allegation contained in each of the foregoing paragraphs 1-66 as if fully set forth fully herein.

107.   Plaintiff's Original Logo Components are distinctive.  Based on Plaintiff's use, publishing, advertising, marketing and general popularity of Plaintiff's Original Logo Components, the Original Logo Components are associated by the public with Plaintiff's dental implant and educational services.

108.   Plaintiff has made continuous use of the elements that comprise the Original Logo

Components since introducing said them into U.S. Commerce, including within the State of Florida, starting in 2008.

109.   Defendants have intentionally and deliberately used Plaintiff's Original Logo Components without Plaintiff's consent or authorization. Defendants' use of Plaintiff's Original Logo Components in connection with the advertising and promotion of its Infringing Services is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' Infringing Services emanates from or originates with Plaintiff, or that Plaintiff approves of or sponsors, or otherwise associates itself with Defendants, or Defendants' Infringing Services.

110.   Such confusion may manifests as initial interest confusion and reverse confusion in the trade as to the source or sponsorship of the services, and is likely to lead the public to believe Plaintiff is in some way connected to Defendants and is likely to mislead persons in the ordinary course of viewing or otherwise obtaining the services of Defendants and induce them to believe they are obtaining genuine services of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendants the benefits arising therefrom.

111.   Defendant's actions were committed deliberately, willfully and maliciously, without regard for Plaintiff's property rights with the intent to cause confusion, mistake or deception.

112.   Plaintiff has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that may not be adequately calculated and compensated in monetary damages.

113.    The acts of Defendant complained of herein constitute infringement in violation of the common law of the State of Florida.

**COUNT V**
**Trademark and Service Mark Infringement of Plaintiff's**
**IDIA Family of Marks Under Florida Common Law**

114.    Plaintiff hereby incorporates by reference each and every allegation contained in each of the foregoing paragraphs 1-66 as if fully set forth fully herein.

115.    The IDIA Family of Marks are distinctive.  Based on Plaintiff's use, publishing, advertising, marketing and general popularity of the IDIA Family of Marks and the marks included in the IDIA Family of Marks, the IDIA Family of Marks have acquired secondary meaning so that the public associates with Plaintiff's dental implant and educational services.

116.    Plaintiff has made continuous use of the marks that comprise the IDIA Family of Marks since introducing the IDIA Family of Marks into U.S. Commerce, including the State of Florida, starting no later than 2008.

117.    Defendants have intentionally and deliberately used the Infringing Marks without Plaintiff's consent or authorization. Defendants' use of the IDIA Family of Marks in connection with the advertising and promotion of its Infringing Services is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' Infringing Services and Infringing Services emanates from or originates with Plaintiff, or that Plaintiff approves of or sponsors, or otherwise associates itself with Defendants, or Defendants' Infringing Services and Infringing Services. Such confusion manifests as initial interest confusion and reverse confusion in the trade as to the source or sponsorship of the services, and is likely to lead the public to believe Plaintiff is in some way connected to Defendants and is likely to mislead

24

persons in the ordinary course of viewing or otherwise obtaining the services of Defendants and induce them to believe they are obtaining genuine services of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendants the benefits arising therefrom.

118.   Defendant's actions were committed deliberately, willfully and maliciously, without regard for Plaintiff's property rights with the intent to cause confusion, mistake or deception.

119.   Plaintiff has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that may not be adequately calculated and compensated in monetary damages.

120.   The acts of Defendant complained of herein constitute infringement in violation of the common law of the State of Florida.

### COUNT VI
### Unfair Competition Under Florida Common Law

121.   Plaintiff hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs 1-66 above herein.

122.   By making unauthorized use in commerce of the Infringing Marks, Defendants are likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Plaintiff and as to the sponsorship or approval of Defendants' Infringing Services and Infringing Services by Plaintiff.

123.   By making unauthorized use in commerce of the Infringing Marks, Defendants are likely to cause confusion, mistake, or deception as to the affiliation or connection of

Defendants with Plaintiff and as to the sponsorship or approval of Defendants' Infringing Services and Infringing Services by Plaintiff.

124. The parties are competing in a similar pool for customers.

125. Defendants' marketing, advertising, offering for sale and provision of its Infringing Services cause confusion and mistake, deceives and misleads the purchasing public, trades upon Plaintiff's high quality reputation, and improperly appropriates to Defendant the valuable goodwill of Plaintiff.

126. Defendants' marketing, advertising, offering for sale and provision of its Infringing Services cause confusion and mistake, deceives and misleads the purchasing public and trades upon Plaintiff's high quality reputation in connection with his educational services and dental services in connection with the IDIA Family of Marks.

127. By the acts described above, Defendants have intentionally and willfully infringed Plaintiff's IDIA Family of Marks, and deceived consumers into thinking that they are obtaining services produced by Plaintiff in violation of Florida common law.

128. Plaintiff has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff and its goodwill and both Plaintiff's reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## COUNT VII
### Unfair Competition (Fla. Stat. §495.131 and 495.161)

129. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 66, as if fully set forth herein.

130.   This cause of action is for unfair competition under FLA. STAT. §§495.131 and 495.161.

131.   Plaintiff alleges that Defendants have intentionally and knowingly advertised and offered Defendants' educational and dental services using marks and trade dress that are confusingly similar to Plaintiff's IDIA Family of Marks, including the Original Mark Components, as well as trade dress that is owned by Plaintiff, so as to confuse and deceive customers, potential customers, the continuing education travel, and dental industries, and the community at large, as to the origin and/or affiliation of Defendants' services, based upon the merit, reputation, and goodwill of Plaintiff.

132.   Defendants' unauthorized, deliberate and willful use of Plaintiff's IDIA Family of Marks enable Defendants to compete unfairly with Plaintiff by palming off Defendants' services as those of Plaintiff or otherwise competing unfairly, all to Plaintiff's and the public's irreparable damage.

133.   Defendants' acts have irreparably harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted business and career opportunities from Plaintiff.

134.   Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

135.   Plaintiff has no adequate remedy at law to prevent further infringement.

136.   Defendants' aforesaid actions are willful, wanton and contumacious and as a result thereof, Plaintiff is entitled to an award of punitive damages and attorney fees in addition

to any other relief this Court deems just and proper.

## COUNT VIII
## INJUNCTION

137.    The Plaintiff realleges paragraphs 1 through 66 as if fully pled herein.

138.    The Plaintiff is suffering irreparable harm.

139.    The Plaintiff has a clear legal right to the subject trademarks including the IDIA Family of Marks and the Original Mark Components.

140.    Plaintiff has no adequate remedy at law as to certain damages it suffered and continues to suffer.

141.    The public interest will be served by the issuance of an injunction.

### JURY DEMAND

142.    Plaintiff demands a trial by jury on all issues so triable as of right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A.    For judgment that:

    i.    Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

    ii.    Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c);

    iii.    Defendants have engaged in unlawful dilution in violation of Florida Code §495.151.

    iv.    Defendants have engaged in false advertising under the common law of the State of Florida;

28

    v.       Defendant is engaged in unfair competition under the common law of the State of Florida;

    vi.     Defendants have caused dilution to Plaintiff's IDIA Family of Marks in violation of the common law of the State of Florida;

B.    That Defendants, individually and collectively, as well as their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be preliminarily and permanently enjoined:

    i.       From using in any manner and on any platform or in any media any name or mark confusingly similar to any of Plaintiff's IDIA Family of Marks, logos, designs or slogans;

    ii.     From committing any other act which falsely represents or which has the effect of falsely representing that the goods or services of the Defendant are licensed, authorized by, or in any way associated with Plaintiff;

    iii.    From otherwise infringing the IDIA Family of Marks;

    iv.    From otherwise unfairly competing with Plaintiff;

    v.       From otherwise diluting or tarnishing the IDIA Family of Marks and Plaintiff's business reputation;

    vi.     From interfering with Plaintiff's contractual relations with any third party;

    vii.    From registering or holding any registration for any mark containing any formative found in Plaintiff's IDIA Family of Marks within the State of Florida or in any other state, country or trademark registration office.

C.     That Defendants account to Plaintiff for all revenue, gains, profits and advantages derived from Defendants' wrongful acts;

D.     That Plaintiff recovers from Defendants all of Plaintiff's damages, including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a) and Florida law;

(Intentionally left blank)

E.   That Defendants be obligated to engage in corrective advertising in publications directed to the dental services and dental continuing education industry, throughout the United States, as well as on the Internet;

F.   That Plaintiff be awarded all available costs, disbursements and attorneys' fees incurred by Plaintiff in bringing this claim, pursuant to 15 U.S.C. § 1117 and Florida law, and actual and punitive damages to the full extent available under common law; and

G.   Such other and further relief as this Court may deem just and proper.

## VERIFICATION

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this Verified Complaint and the punishment for knowingly making a false statement includes fines and/or imprisonment.

_____

ARUN K. GARG  as Director of IMPLANT SEMINARS, Inc.

Respectfully submitted,

PATHMAN LEWIS, LLP
Counsel for Plaintiff
One Biscayne Tower, Suite 2400
Two S. Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 379-2425
Facsimile:   (305) 379-2420

By: _____
     JOHN A. MOORE
     Fla. Bar No. 91820
     AARON TANDY
     Fla. Bar No. 190144

OF COUNSEL:

Heidi Howard Tandy
1691 Michigan Ave.
Suite 250
Miami Beach, FL 33139