UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23097-CIV-ALTONAGA/Goodman

**IMPLANT SEMINARS, INC.**,

    Plaintiff,
v.

**SAMUEL SOON HO LEE**, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Implant Seminars, Inc.'s Motion for Preliminary Injunction [ECF No. 9], filed August 15, 2018. Plaintiff requests the Court enter a preliminary injunction against Defendants, Samuel Soon Ho Lee; International Academy of Dental Implantology, LLC; John Doe Corporation No. 1; and John Does 1 through 3. (*See generally* Mot.).

While a temporary restraining order may be issued without notice to the adverse party, a preliminary injunction is issued only after the adverse party has received notice of the requested relief. *See* Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party . . . ." (alteration added)); *id.* 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). There is no indication on the docket that Defendants have been served with the Verified Complaint [ECF No. 1]. The Verified Complaint does not certify Defendants have been served, nor have Defendants appeared in this action. (*See generally* Verified Compl.). Indeed, the Motion's Certificate of Service is conspicuously silent about the Motion having been served on the Defendants. (*See* Mot. 19).

CASE NO. 18-23097-CIV-ALTONAGA/Goodman

Thus, a preliminary injunction is not procedurally proper. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Implant Seminars, Inc.'s Motion for Preliminary Injunction **[ECF No. 9]** is **DENIED**. Plaintiff may re-file a motion for preliminary injunction after all Defendants have been properly served.

**DONE AND ORDERED** in Miami, Florida, this 16th day of August, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record